■ NANCY CHADWICK, Respondent, v. JOSEPH CLARK et al., Appellants. — Appeal from an order of the Supreme Court at Special Term which denied defendants' motion for judgment dismissing the complaint for lack of jurisdiction of the subject of the action (Rules Civ. Prac., rule 107, subd. 1), which is brought in negligence to recover for personal injuries sustained when plaintiff, after leaving the factory building in which she was employed, and while looking in a parking lot for the automobile in which she had come to work and intended to ride home, and as she was walking in or in close proximity to the parking lot — "Right on the edge of it on the road part" or "Just a couple of feet" from it, according to her testimony on pretrial examination — was struck by an automobile which was backing from the parking lot and which was then owned by one of the defendants and operated by the other, the defendants being plaintiff's coemployees. Dismissal was sought on proof tending to support the pleaded defense that plaintiff's exclusive remedy is her right to workmen's compensation. (Workmen's Compensation Law, § 29, subd. 6.) The parking lot was a triangular area in the middle of a public street and had been paved by the city at the same time, at the same level and with the same material as the city streets surrounding it. The lot was directly opposite the main doors of the factory building and separated from it by the street which the parties had to cross, after all of them had (as is conceded) "punched out for the day", a few minutes before the accident occurred. It appears without dispute that for some years prior to the accident, the employer regularly painted and repainted with yellow paint the perimeter of the lot and the lines marking off some 20 to 30 parking spaces; that some five of these were marked, with yellow paint upon the pavement, with the word "Reserved", and with the initials of the plant manager and four other top employees, and that one space was designated for the use of a company vehicle; that parking spaces marked off by the city at the curbs of the adjacent streets were outlined in white paint rather than yellow; that in Winter months the parking lot was kept clear of snow by a private contractor paid by the employer and was so cleared on at least four occasions in the three weeks prior to the accident. In her answering affidavit, plaintiff interposes no factual contradiction and advances no more than the conclusory and unsupported statements that the city had not "authorized" the employer "to establish exclusive parking rights" in this area and that "officials of the [employer] deny ownership or control of said area." Upon the uncontroverted proof, it must be found that the employer's regular, uncontested and unquestioned use, maintenance and designation of this area as a parking lot for the benefit of its employees were such as to bring the space within the precincts of the employment. As between the employer and its employees, it must be deemed a company parking lot and within the purview of the authorities which hold within the employment an accident to an employee occurring in a parking area maintained by the employer or upon a public street by which the employee is approaching it. (See, e.g., *Matter of Gaik* v. *National Aniline Div.*, 5 A D 2d 1039, motion for leave to appeal denied 6 N Y 2d 706; *Roberts* v. *Gagnon*, 1 A D 2d 297; *Matter of Kwapich* v. *Aluminum Co. of America*, 282 App. Div. 972.) In her brief, plaintiff argues only that the theory of these cases is inapplicable when the parking lot is not "owned or maintained" by the employer; but

clearly it was so "maintained" and certainly the fact that it was not "owned" by the employer, or even that it is a public street, is not decisive of this controversy (cf. *Matter of Spennacchio* v. *Delco Appliance Div., Gen. Motors Corp.,* 11 A D 2d 857; *Matter of Rosenwasser* v. *Lanes Lake Success,* 9 A D 2d 1001); and the arrangement, or, indeed, the lack of an arrangement, between the owner and the employer is no more important, as between employer and employee, or as respects employment and course of employment, than is the legal status of the employer's occupancy of a building maintained by it for the purposes of the employment. Order reversed and motion granted, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ., concur.