■　　In the Matter of the Claim of Mary Elwood, Respondent, v. Herkimer Central School et al., Appellants. Workmen's Compensation Board, Respondent.— Hamm, J. Appeal by the employer and carrier from a decision of the Workmen's Compensation Board awarding the claimant compensation. On January 21, 1964, the claimant, a school teacher, had parked her automobile in the parking area of the Knights of Columbus located at the rear

of their building. After leaving her car she slipped and fell within the parking area sustaining injuries. For a number of years prior to the date of the accident the claimant and other teachers at the school were accustomed, at least occasionally, to park their cars in the parking lot where the claimant was injured. Individual members of the Knights of Columbus, including a Grand Knight of the order, had granted permission to the claimant and other teachers to use the lot for parking purposes. There was a limited area for parking in back of the school insufficient to accommodate all of the teachers. Some teachers parked on the street, others in the school parking lot and others in the Knights of Columbus parking area. There were two years in which 12 or 15 teachers contributed to a collection given to the Knights of Columbus, "it was done just in gratitude and simply a gift." One of the teachers testified that a former principal of the school had told her that she "could park back of the Knights of Columbus". The claimant testified that "the supervisor at that time in the school" told her she could park in the Knights of Columbus parking lot; the supervisor referred to was a classroom teacher in the school. The claimant testified also that "according to information given" to her permission had been granted to "the school authorities" that "the teachers could park in there during the time that they were at the school teaching". The Workmen's Compensation Board, stating that the use of the lot for parking was of benefit to the employer, found that such use was known to the employer. There is no evidence that the board of education, the employer, had any contact with the Knights of Columbus or any knowledge that it was the custom of some of the teachers to park in the Knights of Columbus parking area. The only witness, other than teachers and former teachers at the school, was the superintendent of schools and he testified that he was not aware that the teachers were using the Knights of Columbus property for parking until the claimant's injury occurred. The record contains no evidence and, in fact, the board did not so find, that the personnel of the school had authorization or authority from the board of education to negotiate for parking space. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Reynolds and Taylor, JJ., concur; Herlihy, J., concurs in the following memorandum, in which Reynolds, Taylor and Hamm, JJ., concur: The application for review — and appellant's position here — is the contention "that the claimant had not yet reported for duty and hence was not in the course of her employment, at the time the injury occurred." A review of the record justifies a finding that some of the teachers, including those in a supervisory capacity, had discussed parking their automobiles at the K of C lot, had requested and obtained permission to park, and on occasions taken up a collection among themselves for the benefit of the fraternal organization and as an expression of their appreciation; that the employer, Herkimer Central School did not own, operate or exercise any control over the parking premises but, at best, it was an arrangement between a group of teachers and the owner of the parking lot. Such an arrangement should not be construed so as to bring the claimant-teacher within the ambit of the Workmen's Compensation Law premised upon a finding by the board that such facts were known to the employer and were of benefit to such employer. The employer knew that some of the teachers parked their automobiles on a public street, but, as of now, such act would not bring an injured employee, under the same circumstances as here, within the protection of the law. Nor would a teacher parking in a public parking lot adjacent to the school premises be so protected. To affirm here, and say, as a matter of law, that the claimant was in the course of her employment at the time of the injury because the employer had knowledge and such parking was for its benefit is neither justified nor

within the intendment of the law. Undoubtedly there are many other forms of protection to which the claimant is lawfully entitled. The record, as a whole, does not justify the findings by the board and the decision should be reversed and the claim dismissed. Gibson, P. J., dissents and votes to affirm in the following memorandum: There was proof that the parking facilities at the school were inadequate and that for approximately four years prior to the accident claimant had parked her car at the Knights of Columbus lot when she could not find a place on the street. A number of other teachers followed this practice. The board was warranted in finding, as it did, that: " The use of the lot for parking was known to the employer and was of benefit to such employer." There was substantial evidence, which the board was entitled to accept, that claimant parked there at the direction of her employer or at least with the employer's permission, knowledge and consent. Claimant's testimony included the following: " Q. Who told you, you could park in the Knights of Columbus Parking Lot? A. Marion Byrnes, the supervisor at that time in the school. Q. The school supervisor told you to park there? A. Asked the Grand Knight. Q. In other words, permission had been granted to the school authorities according to information given to you that the teachers could park in there during the time that they were at the school teaching, is that correct? A. Right. * * * Q. You mentioned earlier that the Grand Knight gave you permission to park in the Knights of Columbus Parking Lot? A. He gave Miss Byrnes permission and they told the teachers to park there when they wanted to. Q. Who is Marion Byrnes? A. She is now principal of the teachers at the school." Another teacher testified that the then principal, Mr. Cumminsky, " told the teachers that we could park there if we wished." The statement in the majority memorandum as to absence of knowledge on the part of the board of education seems to me unwarranted, as the finding to the contrary was amply justified and, indeed, the plenitude of uncontradicted evidence of continuous use over a period of years, to say nothing of the knowledge of the supervising employees, would scarcely support any other inference. The board's finding was a proper factual determination which we should not disturb. (See *Matter of Berry* v. *B. Gertz, Inc.*, 21 A D 2d 708 and cases there cited; *Matter of Downey* v. *Vanderlinde Elec. Corp.*, 276 App. Div. 1044.) The proof is buttressed somewhat by the fact that the employer's report of injury indicated the site of the accident to be within the precincts of the employment. I vote to affirm.