Argued June 2, reversed September 22, 1971

NELSON, *Respondent, v.* DOUGLAS FIR
PLYWOOD CO. ET AL, *Appellants.*

488 P2d 795

*Jack A. Gardner,* Eugene, argued the cause for appellants. On the briefs were Jaqua, Wheatley & Gardner, Eugene.

*Edward L. Clark, Jr.,* Salem, argued the cause for respondent. With him on the brief were Clark & Marsh, Salem; Roger B. Todd, and Flaxel & Todd, North Bend.

HOWELL, J.

Plaintiff filed this action for personal injuries resulting from an automobile accident involving plaintiff's car and a truck driven by defendant Stidham and owned by his employer, defendant Douglas Fir Plywood Company, which was also plaintiff's employer at the time of the accident.

The defendants filed a supplemental answer alleging that Douglas Fir was an employer under the

workmen's compensation laws; that plaintiff was injured in the course and scope of her employment; and that plaintiff was restricted to the benefits and remedies provided by the compensation laws.

A trial was held before the court without a jury. The court entered findings of fact, conclusions of law, and an order to the effect that plaintiff was not subject to the compensation laws, and dismissed the defendants' supplemental answer. The parties stipulated that a judgment in favor of plaintiff for $7,500 could be entered but without prejudice to defendants' right to appeal the issues raised by the supplemental answer.

The defendants raise two issues on the appeal: (1) whether the evidence supports the trial court's finding that the accident occurred on a public road rather than on defendant's private road; and (2) assuming that the accident occurred on a public road, did the evidence support the trial court's finding that plaintiff was not exposed to the hazards of the road to a greater extent than the general public.

The accident occurred on December 20, 1968, at approximately 2:50 p.m. at or near the entrance to the Douglas Fir Plant No. 1 near Coquille. In order to reach Plant No. 1, plaintiff was required to travel on a county road known as Cedar Point Road, which runs north and south. While the road is used by dairy farmers, hunters, fishermen and others, it is primarily used by employees of Douglas Fir. Cedar Point Road is intersected on the east by a private road leading to Douglas Fir's Plant No. 1 and to a parking lot used by Douglas Fir employees, and is the only means of egress and ingress for employees. North of the intersection and on the west side of Cedar Point Road,

Douglas Fir operates another plant and warehouse called Plant No. 2. There are 340 persons employed at Plant No. 1 and 160 employees at Plant No. 2. A flat-bed truck is used to haul finished plywood between the two plants. In addition, a "jitney" makes 20 or 25 trips per day hauling veneer from Plant No. 1 to Plant No. 2.

Plaintiff's shift started at 3:20 p.m., and she was being driven to work by her daughter. The accident occurred when plaintiff's vehicle, which was traveling south on Cedar Point Road, began a left turn from Cedar Point Road to enter Douglas Fir's private road leading to the parking lot and the building where plaintiff worked. Her car was preceded by a station wagon and followed by another vehicle. As plaintiff's vehicle was turning, she noticed the defendant's truck coming toward her, swinging wide to the truck's left. The station wagon cut suddenly in front of the truck and entered the employees' parking lot. The truck blocked plaintiff's entrance, and she was forced to stop because she could not go around the truck on the right side. The truck driver's attention was diverted by the action of the station wagon, and he did not see plaintiff's vehicle in time to stop. The truck driver testified he was turning to avoid the station wagon and that he would have had to turn "pretty soon" to enter Cedar Point Road. Plaintiff testified that on other occasions she had seen the truck pull wide to its left in entering Cedar Point Road.

■ The evidence was conflicting as to whether the accident occurred on Cedar Point Road or on Douglas Fir's private road where it entered Cedar Point Road. However, for purposes of our decision it is not

necessary to pinpoint the scene of the accident. It is immaterial whether the road the employee is required to travel in order to reach the plant is public or private if the employee is exposed to hazards in a greater degree than the common public. *Montgomery v. State Ind. Acc. Com.*, 224 Or 380, 392, 356 P2d 524 (1960), citing *Jaynes v. Potlatch Forests, Inc.*, 75 Idaho 297, 271 P2d 1016, 50 ALR2d 356 (1954).

■ As a general rule, injuries sustained by employees when going to and coming from their regular place of work are not deemed to arise out of and in the course of their employment. *Philpott v. State Ind. Acc. Com.*, 234 Or 37, 40, 379 P2d 1010 (1963), citing cases. However, there is a well-recognized exception to the above rule. If the employee's employment requires him to use an entrance or exit to or from his work which exposes him to hazards in a greater degree than the common public, he is regarded as being within the course of his employment. *Philpott v. State Ind. Acc. Com.*, supra; *Montgomery v. State Ind. Acc. Com.*, supra; *Hopkins v. State Ind. Acc. Com.*, 160 Or 95, 83 P2d 487 (1938); *Lamm v. Silver Falls Tbr. Co.*, 133 Or 468, 277 P 91, 286 P 527, 291 P 375 (1930).

■ We believe that the evidence conclusively establishes that the plaintiff, in making the turn from Cedar Point Road to enter the Douglas Fir private road, was exposed to hazards peculiar to her employment and not experienced by traveling members of the general public. Cedar Point Road is the only means of ingress and egress for cars entering and leaving defendant's Plant No. 1. Employees coming from the north must make a left-hand turn into the area where the plywood truck and the "jitneys" are leaving Plant No. 1 to enter Cedar Point Road and

go to Plant No. 2. The plywood truck, a five-ton flat-bed, is a "fairly long vehicle" and must swing to the far left to make the turn onto Cedar Point Road. Plaintiff was subjected to the resulting hazards which were peculiar and directly attributable to her employment. The general public would not be exposed to the same hazards as employees who must turn left onto the company's premises, as the public would be traveling directly north and south. *Montgomery v. State Ind. Acc. Com., supra,* at 393.

The plaintiff cites *Collins v. Troy Laundry Co.,* 135 Or 580, 297 P 334 (1931), and *Larsen v. State Ind. Acc. Com.,* 135 Or 137, 295 P 195 (1931), in support of her position that she was outside the course and scope of her employment at the time of the accident.

In *Collins,* the defendant utilized a portion of the sidewalk adjacent to its premises to load and unload laundry. One or more trucks were continuously parked next to the sidewalk. On leaving work, plaintiff tripped and fell over several steel bars seven feet long which extended from the back end of one of the laundry trucks to the sidewalk, obstructing the sidewalk. This court, with three justices dissenting, held that plaintiff was not in the course and scope of her employment at the time of her injury. The dissenting opinion held that the sidewalk had been appropriated by the laundry for a loading platform and was a portion of defendant's plant. We believe that the case was incorrectly decided, and it is overruled.

*Larsen,* however, is not applicable. There, the car in which plaintiff was riding to work with a fellow employee was driven off a platform adjacent to the employer's premises while the driver was attempting to park. The platform was being used without the

knowledge and consent of the owner of the adjoining property. The plaintiff's employer had never authorized or directed any of the employees to use the platform for a parking area. The employee was using the platform for his own purposes, and its use was not connected with his employment. The case is clearly distinguishable.

The judgment is reversed with directions to enter an order sustaining defendants' supplemental answer.

Reversed.