Argued September 22, affirmed November 29, 1976

# ROHRS, *Appellant,*
*v.*
# STATE ACCIDENT INSURANCE FUND,
*Respondent.*
## (No. A-76-01-00536, CA 6135)
556 P2d 714

*Richard O. Nesting,* Portland, argued the cause for appellant. On the brief were Ralph C. Barker and Buss, Leichner, Barker & Nesting, Portland.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals a circuit court ruling which affirmed an order of the Workmen's Compensation Board denying compensation to claimant. The sole issue is whether claimant's injury arose out of and in the course of her employment as required by the Workmen's Compensation Law.

The evidence in this case was admitted on the stipulation of counsel. Claimant, a restaurant waitress, suffered a severe concussion with cervical strain and myositis when she slipped and fell while approaching her automobile following the end of her shift. The employer's restaurant was situated in the Georgia-Pacific Building (Building) in downtown Portland. The automobile was located on the third or fourth floor of the Georgia-Pacific Garage (Garage), which is located across the street from the Building. The Building and the Garage are linked by an underground tunnel which lies under Southwest Fourth Avenue. City Center Parking, Inc., operates the parking concession in the Garage.

The stipulated evidence indicates that claimant's employer did not designate parking areas for employes and did not reimburse parking expenses, but that employes generally made a practice of parking in the Garage for convenience and safety reasons and the employer's manager recommended parking in the Garage.

The relationship between the Garage and the employer's landlord is not explained in the stipulation, except to the extent that the parties agree the Garage is operated by City Center Parking, Inc., as a concession.

The general rule is that in the absence of special circumstances an employe injured while going to or coming from work is excluded from the benefits of the Workmen's Compensation Act. *Davis v. SAIF,* 15 Or App 405, 515 P2d 1333 (1973). Claimant advances two

exceptions to the going and coming rule which she contends are applicable here.

First, claimant advances what may be termed the 'parking lot' rule. The parking lot rule is expressed by Larson as follows:

"As to parking lots owned by the employer, or maintained by the employer for his employees, the great majority of jurisdictions consider them part of the 'premises,' whether within the main company premises or separated from it. This rule is by no means confined to parking lots owned, controlled, or maintained by the employer. The doctrine has been applied when the lot, although not owned by the employer, was exclusively used, or used with the owner's special permission, or just used, by the employees of this employer. Thus, if the owner of the building in which the employee works provides a parking lot for the convenience of all his tenants, or if a shopping center parking lot is used by employees of businesses located in the center, the rule is applicable. * * *" 1 Larson, Workmen's Compensation Law 4-38, 4-41 to 4-46, § 15.41 (1972).

Claimant relies on the cases cited by Larson to support compensability in this case. With one possible exception the cited cases involve either an employer providing a parking area as an incident of employment,[1] or, where the employer leases his business premises from a lessor, the lessor has provided a parking area for the convenience of employes and customers of the leased premises.[2] In all of the cases

[1] DeHoyos v. The Industrial Comm., 26 Ill2d 110, 185 NE2d 885 (1962); Freiborg v. Chrysler Corporation, 350 Mich 104, 85 NW2d 145 (1957); Chadwick v. Clark, 19 App Div2d 679, 241 NYS2d 756 (1963) (although the lot was owned by the city, "* * * the employer's regular, uncontested and unquestioned use, maintenance and designation of this area as a parking lot for the benefit of its employees were such as to bring the space within the precincts of the employment. * * *" 241 NYS2d at 758); Pickett v. Industrial Commission, 98 Ohio App 372, 129 NE2d 639 (1954) (subcontractor of a contractor working for a company which provided a parking area as an incident of employment). *See also* the following: Willis v. State Acc. Ins. Fund, 3 Or App 565, 475 P2d 986 (1970), and cases reviewed therein; 82 Am Jur2d 54, Workmen's Compensation § 268 (1976); Annotation, 159 ALR 1395 et seq (1945).

[2] Berry v. B. Gertz, Inc., 21 App Div2d 708, 249 NYS2d 285 (1964); Frishkorn v. Adm'r., 26 Ohio App2d 165, 270 NE2d 366 (1971); and Max E. Landry, Inc. v. Treadway, 421 P2d 829 (Okla 1966).

the employer has established, by ownership and control, or by custom, some form of right to use the parking facilities and that right is passed to the employe at no cost as an employment benefit. The possible exception is *Elwood v. Herkimer Central School,* 20 NY2d 869, 285 NYS2d 614, 232 NE2d 646 (1967), *rev'g* 25 App Div2d 457, 266 NYS2d 57 (1966). In *Elwood* school officials were given permission by a fraternal organization to allow teachers to park in their lot adjacent to the school.

In this case no evidence was introduced on the issue of whether and to what extent the employer or the lessor had a right, either customary or legal, to use the Garage. The use of the Garage by employes was not treated as an incident of employment by the employer or by the employes. It was stipulated that employes were required to pay a separate corporation for the use of the facilities.

Where, as here, there is no evidence introduced to show that the employer has a right, either customary or legal, to use a parking facility, the parking facility is not provided as an incident of employment and the employe must pay a separate corporation for the use of the facility, the parking lot cannot be considered a part of the employer's premises for the purpose of workmen's compensation coverage.

■ The second exception to the going and coming rule within which claimant seeks to draw this case is stated by Larson as follows:

> "When the place of employment is a building, it is not necessary that the employer own or lease the place where the injury occurred. It is sufficient if he has some kind of right of passage, as in the case of common stairs, elevators, lobbies, vestibules, hallways, walkways, driveways, or passage ways through which the employer has something equivalent to an easement." 1 Larson, Workmen's Compensation Law, supra at 4-49 to 4-51, § 15.41 (1972).

There is nothing in the record to indicate that the employer in this case had a "right of passage" akin to

an easement in the Garage greater than that accorded the general public. The rule cited by Larson is intended to cover common areas and cannot be stretched to cover the area involved in this case.

Affirmed.