Argued November 19, 1976, affirmed January 10, 1977

KRINGEN, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. A 76 03 04363, CA 6568)
558 P2d 854

Vincent G. Ierulli, Portland, argued the cause and filed the brief for appellant.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

The sole issue presented is whether claimant's injury while enroute to his job arose out of and in the course of his employment as required by the Workmen's Compensation Law.

Claimant appeals from a judgment of the circuit court which affirmed orders of both the Workmen's Compensation Board and the hearings referee denying compensation.

Claimant lived in downtown Portland and worked at an industrial plant near the Portland International Airport and adjacent to Airport Way, a heavily traveled, high speed four-lane highway leading to the airport. He traveled to work by public bus. On the date of the accident claimant, along with several of his fellow employes, got off the bus and was crossing Airport Way in order to get to work when he was struck and severely injured by an automobile traveling in a southerly direction on the above named thoroughfare. There was a protected crossing with a traffic light approximately one mile from the scene of this unfortunate accident which claimant and his fellow employes could have used.

■ As we have stated on many occasions, the general rule is that in the absence of special circumstances an employe injured while going to or coming from work is excluded from benefits of the Workmen's Compensation Act.

■ Claimant contends that the fact that he had to cross Airport Way without a protected crossing at this point in order to get to work was a "special circumstance or special risk attendant to his employment so that his injury would be an exception to the 'going and coming rule.' "

After reviewing the relevant decisions, including those cited by claimant, we conclude that the time, place and circumstances surrounding claimant's accident do not bring this case within any exceptions to the

[ 21 ]

"going and coming rule" recognized by the decisions of the appellate courts in this state.

*Montgomery v. State Ind. Acc. Com.,* 224 Or 380, 356 P2d 524 (1960), where claimant was struck by a car when he was leaving the employer's plant, is distinguishable because there claimant's employer exercised control by means of a traffic signal over part of the public thoroughfare (Front Avenue in Portland), adjacent to the employes' gate of employer's plant where the accident occurred.

*White v. S.I.A.C.,* 236 Or 444, 389 P2d 310 (1964), involved a Reedsport school teacher who was struck by an automobile while crossing Highway 101 on his way back to school from home where he had gone for lunch. The court held that the claimant teacher had not sustained an injury arising out of and in the course of his employment.

Claimant also cites *Cudahy Co. v. Parramore,* 263 US 418, 44 S Ct 153, 68 L Ed 366, 30 ALR 532 (1923), where the workman was killed in a grade crossing accident some distance from the employer's premises a few minutes before time to report for work. The workman's death resulted from a collision between a train and the automobile in which the decedent was riding to work. The location of the employer's work made it necessary for the decedent to cross the track in question in order to reach the plant. The Utah Industrial Commission allowed the claim as one "arising out of or in the course of his employment." The Supreme Court of Utah affirmed the commission and the employer appealed to the United States Supreme Court contending that the award violated the Fourteenth Amendment. The United States Supreme Court decided the case on this point: that even though the state industrial commission and the Utah Supreme Court had both construed the statute to cover the decedent in the above described off-premises accident, this did not violate the employer's right of equal protection guaranteed under the Fourteenth Amend-

ment. Contrary to the decision of the Utah Supreme Court in *Parramore,* as well as those of several other appellate courts under similar fact situations, the appellate courts of Oregon have been unwilling to expand our statute by treating such accidents as arising out of and in the course of employment. *See, White v. S.I.A.C., supra; Barker v. Wagner Mining Equip.,* 6 Or App 275, 487 P2d 1162 (1971); *Davis v. SAIF,* 15 Or App 405, 515 P2d 1333 (1973); *Rohrs v. SAIF,* 27 Or App 505, 556 P2d 714 (1976).

Here claimant was not being paid travel time, i.e., portal-to-portal pay. The situs of the accident was not part of the employer's premises. It was a high speed public highway. Unlike in *Montgomery,* claimant's employer exercised no control whatsoever of that portion of the highway where claimant was attempting to cross. Nor did the employer exercise partial control as in *Willis v. State Acc. Ins. Fund,* 3 Or App 565, 475 P2d 986 (1970).

Affirmed.