Argued and submitted August 21, affirmed September 28, 1981

In the Matter of the Compensation
of Lorraine Adamson, Claimant.

ADAMSON,
*Petitioner,*
*v.*
The DALLES CHERRY GROWERS, INC.,
*Respondent.*

(WCB No. 80-1338, CA A20489)

633 P2d 1316

Michael A. Greene, Portland, argued the cause and filed the brief for petitioner.

Roger Warren, Beaverton, argued the cause for respondent. On the brief was David Horne, Beaverton.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

The issue in this worker's compensation case is compensability. Both the referee and the Workers' Compensation Board found claimant's injury—a fall on an icy street outside her place of employment—non-compensable. We affirm.

At the time of her injury, claimant had been employed as a general laborer by respondent for eight years. On the morning of January 15, 1980, she went to work as usual. There had been a severe snow storm in the area, and the streets were covered with snow and ice. Upon arriving at work she found the employe parking lot filled with snow and the place where she usually parked taken by another car,[1] so she parked on the street parallel to the curb.

Claimant got out of her car and walked toward respondent's plant office, which was on the same side of the street. Because the sidewalk was covered with snow, she had to walk in a traffic lane of the street. After walking approximately two car lengths, she slipped on the icy surface and fell. She got up, continued on her way to the office and told the personnel manager about the fall. Someone then went out to spread salt on the surface. Claimant then reported to work in a building across the street from the office. She worked only a short time before she was forced to go home because of discomfort.

Claimant's fall took place on a public street. Respondent's plant facilities and office are located on both sides of the street, but respondent has no responsibility for its maintainance. The fall occurred in the area generally used by employes going between buildings on opposite sides of the street.

Claimant testified that she normally arrived at work early and went to the lunch area in one of the buildings to have a cigarette and socialize. She arrived later than usual that morning because of the bad weather and therefore did not have time to go to the lunch room. She was in the main office talking with the personnel manager when the bell signalling the beginning of work rang.

---

[1] The area where claimant usually parked was an area off the street and beside one of employer's plant buildings.

Claimant contends that she was on her way to the main office, not to have a smoke as usual, but to find out where she was assigned to work that day. The referee and the Board found that she was on her way to the office building to socialize. Claimant testified that during the off-season general laborers such as she are assigned to different jobs located in different buildings and must check with the supervisor to obtain particular job assignments. She testified that, after talking with the personnel manager, she reported to her foreman and proceeded to the building across the street where she was assigned to work. It is not clear where she reported to her foreman to be assigned or if she already knew she was assigned to work across the street.

Respondent's personnel manager testified that employes do not need to go to the main office when they arrive at work. They can go directly to their assigned work place. However, she also indicated that in the off-season, when an employe finishes one job, she has to find her supervisor to find out what her next assignment is. The personnel manager did not know claimant's assignment for either the day before or the day of the accident.

The Board concluded that, because the accident took place on a public street over which the employer exercised no control and because the claimant was in pursuit of personal, rather than her employer's, interests, her injury was not compensable.

A compensable injury is defined by the Workers' Compensation Act as "an accidental injury * * * arising out of and in the course of employment * * *." ORS 656.005(8)(a). In *Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980) the Supreme Court pointed out that historically the two elements "arising out of" and "in the course of" have been treated in Oregon cases as two distinct tests, both of which must be met for an injury to be compensable. Rejecting this "mechanistic two stage method of analysis," the court adopted a "unitary work-connection approach." 289 Or at 643. The court identified the pertinent inquiry to be whether the injury has a sufficient work relationship. 289 Or 643. If it does, it "arises out of and in the course of employment." The court made it clear in *Rogers* that it was

not substantially changing fundamental workers' compensation law, but simply adopting a new test or approach. Therefore, "existing law regarding proximity, causation, risk, economic benefit and all other concepts which are useful in determining work relationships remain applicable." 289 Or at 643. *See also, Halfman v. SAIF,* 49 Or App 23, 26-27, 618 P2d 1294 (1980). As permitted by *Rogers,* we find it helpful to examine cases similar to the one before us.

As a general rule, injuries sustained by employes going to or coming from their regular place of work are not deemed to arise out of and in the course of their employment. *Nelson v. Douglas Fir Plywood Co.,* 260 Or 53, 57, 488 P2d 795 (1971); *White v. S.I.A.C.,* 236 Or 444, 447, 389 P2d 310 (1964); *Rohrs v. SAIF,* 27 Or App 505, 507, 556 P2d 714 (1976). There are, however, several exceptions to this general rule. *See,* generally, 1 Larson, Workmen's Compensation § 15.

In *Montgomery v. State Ind. Acc. Com.,* 224 Or 380, 356 P2d 524 (1960), the court held that an employe was entitled to compensation when he was struck by a car while crossing a public street on his way from work. The court found that the busy street, which was located in front of the plant, was the only approach to and from the plant, that it was a "special risk of the claimant's employment," and that the employer, who had a key to operate the traffic light in front of the plant, exercised some control over the traffic and pedestrians using or crossing the street. The employer in *Montgomery* provided parking lots for its employes, making it unnecessary to cross the busy street, but these were full on the day in question and the claimant there was forced to park on a public street.

In *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947), the court found an employe's injury to be compensable when she was hit by a car as she walked through the company parking lot to reach her own car after work. The court stated:

> "We do not believe that the whistle which calls the men to work in the morning and later signals the end of the day's labors always determines whether or not an injury which befell a workman arose 'out of and in the course of his employment.' Likewise, we do not believe that the

Workmen's Compensation Law selects the threshold of the factory as the dividing line which decides whether or not an injury happened 'out of and in the course of' an employment. In construing the phrase 'out of and in the course of his employment,' the courts consider the nature, conditions, obligations and incidents of the employment * * *. If they find a causal connection between the employment and the injury, the requirements of the phrase have been met. * * *" 182 Or at 279.

Noting that the injury occured on the employer's premises, that the employer contemplated the course of conduct pursued by the employe and that the employes who worked in the particular area the claimant worked in had to walk some distance in the parking lot, the court concluded that the claimant's injury was incidental and directly related to her employment.

Relying in part on the decisions in *Montgomery* and *Kowcun,* this court in *Willis v. State Acc. Ins. Fund,* 3 Or App 565, 475 P2d 986 (1970), held that a university professor was entitled to compensation when he slipped and fell on the pavement as he crossed a city-owned park area on his way to the office from his car, parked in a university lot. Some of the university buildings, including the one in which claimant worked, bordered on the park area, and the area was commonly used by students and staff to the point that it had become a "major adjunct" to the campus. 3 Or App at 567. As a result, the university had assumed substantial responsibility for the daily upkeep of the area. Given these factors and that the "claimant was traveling in a direct route from the university's parking lot to his place of work across a public area over which his employer exercised control and in an area which * * *" exposed him to greater risks than those faced by the general public, we concluded that the claimant was acting in the scope of his employment. 3 Or App at 572.

In *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970), we held that an employe who slipped on a curb and injured himself while out on a paid coffee break suffered a compensable injury. We noted that the claimant's activity when he was injured was for the employer's benefit as well as for his own, that it was contemplated

under the contract of employment, that there was an element of employer control exercised because the supervisor accompanied the employes and that the claimant was paid for the time involved. 1 Or App at 447.

Finally, in *Fenn v. Parker Construction Co.,* 6 Or App 412, 487 P2d 894 (1971), we held that where an employe was injured while traveling home from work and the employer paid for the employe's travel time to and from work, the injury occurred within the scope of the employe's employment. *See* also, *Livingston v. State Ind. Acc. Com.* 200 Or 468, 266 P2d 684 (1954).

On the other hand, the "going and coming rule" has been applied to deny coverage in a number of cases. In *Kringen v. SAIF,* 28 Or App 19, 558 P2d 854 (1977),we held that an employe was not entitled to compensation when he was injured while crossing a busy street near his place of work. In that case the claimant was not being paid travel time, the accident did not occur on the employer's premises, and the employer exercised no control over that portion of the street where the claimant attempted to cross.

In *Rohrs v. SAIF, supra,* we denied compensation to an employe who slipped and fell in a parking garage while approaching her automobile after work. The parking garage was connected to the building which housed the employer's place of business by an underground tunnel. However, the garage was not owned by the employer, and the employer had no right, legal or customary, to use the facility any more than did any other member of the general public.

In *Barker v. Wagner Mining Equip.,* 6 Or App 275, 487 P2d 1162 (1971), we denied compensation where the employe was injured while crossing the railroad tracks on his way home from work during his lunch hour. In that case, the railroad crossing was some distance from the employer's premises, the employer exercised no control over the area, the claimant was not paid for his lunch hour, and he could go anywhere he pleased for lunch using any route he chose. *See also, White v. S.I.A.C., supra.*

In this case, the claimant was injured on a public street, not on the employer's premises. The street was

located between the employer's facilities and was frequently used by its employes. The claimant was forced to park on the street on the day of the injury because the other parking areas were full or inaccessible. The street was the only way she could get to her place of work. However, there is no evidence that the street had become a part of the employer's facilities or that the employer regularly exercised control over street traffic, use of the street or its maintenance. The spreading of salt after the fact does not indicate that the employer had assumed responsibility for the street's upkeep. Finally, we do not think that use of the street exposed the claimant to a greater risk of injury than any other member of the public. The factors of control over the off-premises site and special risk, which were present in *Montgomery v. State Ind. Acc. Comm., supra,* and *Willis v. State Acc. Ins. Fund, supra,* are not present.

We conclude that the injury was not related to claimant's employment and did not arise out of and in the course of her employment.[2]

Affirmed.

---

[2] Because we decide the case on this basis, it is not necessary to decide if the claimant was in pursuit of her own interests at the time of her fall.