Argued and submitted April 13, 1992, affirmed March 31, 1993

In the Matter of the Compensation of
Arthur L. Ennis, Claimant.

KIEWIT PACIFIC
and Standard Fire Insurance,
*Petitioners,*

*v.*

Arthur L. ENNIS,
*Respondent.*

(90-02644; CA A70803)

849 P2d 541

Darren L. Otto, Portland, argued the cause for petitioners. With him on the brief was Scheminske & Lyons, Portland.

Eileen G. Simpson, Eugene, argued the cause for respondent. With her on the brief was Martin J. McKeown, Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Employer seeks review of a Workers' Compensation Board order holding that claimant's injury is compensable. The issue is whether the injury is work-related. We affirm.

Claimant worked for employer on a road construction job. Employer provided employee parking at an off-road, graded area on the side of Highway 42, about 20 miles west of Roseburg. The parking lot facilitated employer's transportation of employees to the work site. Claimant drove to work on Highway 42 and slowed almost to a stop to negotiate the right turn into the parking area. There were other routes to the parking area, but none as direct. The Board's order states:

> "When turning into the parking area, claimant was required to slow down, almost to a stop, before entering the parking area. Thus, claimant was exposed to the greater hazard of potentially being hit from behind than was the general public which would continue down the road, without slowing down to turn. Accordingly, we conclude that, by requiring claimant to park in this specific area, claimant was exposed to hazards peculiar to his employment and not experienced by traveling members of the common public."

When claimant's vehicle turned into the driveway, it stalled. The rear portion that extended into the roadway was struck from behind by a log truck. The Board held that claimant's resulting injury was compensable, because his employment exposed him to a greater hazard than that encountered by the general public.

■ Employer first argues that the Board's order is inadequate for review under the rule stated in *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975):

> "If there is to be meaningful judicial scrutiny of the activities of an administrative agency — not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis — we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes."

Employer contends that the Board did not explain why it concluded that slowing down to turn into the parking area

created a hazard peculiar to the employment, because all people slowing down to turn off busy roads are subject to potential rear-end collisions. We reject that argument. The Board found that stopping and turning into *this* parking area at employer's direction created a peculiar hazard, because members of the general public would not stop and turn at that place. Only employees were required to encounter that risk. The order is adequate for review.

Employer next assigns error to the Board's conclusion that the injury was compensable. It argues that the Board misapplied the "going and coming" rule, that the hazard to claimant was the same experienced by all motorists when they stall on or turn from a highway, and that the collision occurred on the highway before claimant had entered employer's premises.

■ As a general rule, injuries sustained while the employee is going to or coming from work are not compensable, because they do not arise out of and in the course of employment. *See SAIF v. Reel*, 303 Or 210, 216, 735 P2d 364 (1987). The rule has several exceptions. In *Nelson v. Douglas Fir Plywood Co.*, 260 Or 53, 57, 488 P2d 795 (1971), the court held that,

> "[i]f the employee's employment requires him to use an entrance or exit to or from his work which exposes him to hazards in a greater degree than the common public, he is regarded as being within the course of his employment."

In *Nelson*, the worker was injured while driving to work. As she turned onto a company-owned road, a company-owned truck collided with her car. The road was primarily used by employees and was the only way to reach the work site. The court held that turning onto the private road into the face of employer-generated truck traffic exposed her to hazards "peculiar to her employment and not experienced by traveling members of the general public." 260 Or at 57.

■ The Board correctly followed the rule in *Nelson*. Employer required claimant to use the designated employee parking lot for its convenience. The entrance was constructed so that entering employees were required to come to a virtual stop in the traffic lane in order to negotiate the turn. That exposed employees to a risk of rear-end collision. The risk to

employees was greater than that to which the general public was exposed. Traveling members of the general public did not encounter the risk. They did not slow down to enter the lot because they did not use it. Substantial evidence supports the Board's finding that the injury had a sufficient work relationship because employer's requirement that claimant use the parking lot exposed him to a hazard peculiar to his employment and not experienced by traveling members of the public.

Employer seeks to distinguish *Nelson v. Douglas Fir Plywood Co., supra*, by arguing that, in *Nelson*, a private road was the sole means of ingress and egress by automobile to employer's premises, and the claimant was struck by an employer-operated vehicle. Thus, the "claimant was held captive to the hazard of collisions with the employer's own vehicles while the general public was not."

The public nature of Highway 42 is not controlling. As the court said in *Nelson*:

> "It is immaterial whether the road the employee is required to travel in order to reach the plant is public or private if the employee is exposed to hazards in a greater degree than the common public." 260 Or at 57.

Under *Nelson*, the injury is work-related if the employee is using the employer-created hazardous work entrance. The evidence supports the Board's finding that the accident occurred while claimant was using the driveway provided by employer.

■ *Cope v. West American Ins. Co.*, 309 Or 232, 785 P2d 1050 (1990), requires us to focus on the presence of employer-created hazards in determining whether an injury occurring on public property had sufficient work relationship. In *Cope*, an employee had parked her car in an employee parking lot and was struck by a car driven by another employee as she stood on a sidewalk, intending to cross the street to go to work. The court concluded that the injury was not compensable, because the employer had not made the public sidewalk hazardous for employees:

> "When an employee is injured on a public sidewalk over which the employer has no control, and on which there are no employer-created hazards, the connection between the

injury and the employment is insufficient to make the injury compensable." 309 Or at 240.

The presence of an employer-created hazard here supports the Board's conclusion that the injury was connected to employment.

The facts also distinguish this case from *Adamson v. The Dalles Cherry Growers, Inc.*, 54 Or App 52, 633 P2d 1316 (1981), on which employer relies. In *Adamson*, the claimant was injured when she slipped on an icy public street. It was near the work site, and employees frequently used it. It was the only route that the claimant could take to work that day. We affirmed the Board's order denying compensability because, among other things, the street was not a part of the employer's premises, and the employer did not exercise control over street traffic. Nothing in the facts suggested that the claimant should be excepted from the going and coming rule. Here, employer required claimant to use a particular lot for its convenience. The entrance exposed claimant to greater risks than those faced by the general public. Claimant was injured as he encountered that risk by turning into the driveway. The Board correctly concluded that he was not excluded by the going and coming rule and, that under *Nelson*, the injury occurred within the course of his employment.[1]

Affirmed.

---

[1] Claimant testified that employer paid him for travel time. The testimony was not rebutted. The referee found that employee was not paid for travel time. The Board rejected that finding, but made no finding of its own regarding pay for travel time. If the Board intended its action to be a finding of fact on the issue, it should say so. In *Bernards v. Wright*, 93 Or App 192, 196, 760 P2d 1388 (1988), we said:

"An employee is generally not within the [going and coming] rule if he is compensated by the employer for 'travel time.' "