Argued and submitted July 10, affirmed September 6, 1995

In the Matter of the Compensation of
Pablo Villafuerte, Claimant.

Pablo VILLAFUERTE,
*Petitioner,*

*v.*

UNGER FARMS
and SAIF Corporation,
*Respondents.*

(93-10195; CA A86491)

901 P2d 936

Steven M. Schoenfeld argued the cause for petitioner. With him on the brief were Schoenfeld & Schoenfeld, P.C., and Lynn-Marie Crider.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Claimant seeks review of a Workers' Compensation Board (Board) order holding that his injury is not compensable. The issue is whether claimant was in the course of his employment when he was injured. We affirm.

Claimant, a farm worker, was employed by Unger Farms (employer) in Cornelius. Employer contracts with Echeverria to supply workers and supervise strawberry picking. On any given day during the picking season employer has a crew of approximately 100 workers at the farm. Workers either drive to the farm in private cars or ride in van pools organized by Echeverria. Van drivers are also farm workers and are paid by Echeverria. Employer does not own the vans, does not pay the drivers and does not provide transportation for the workers.

Employer abuts a county road. When the fields are dry, workers park their cars or vans on employer's property. When the fields are muddy, they park along the shoulder of the road. The road and the shoulder of the road are owned by the county.

On June 2, 1993, claimant rode to work in one of the vans. The fields were muddy, so the driver parked on the shoulder of the road across from employer's field. When claimant finished his shift he went to stand next to the van to wait for the ride home. While he was waiting, an oncoming car struck another van, then swerved across the center line and hit claimant, who was running to avoid being hit.

SAIF denied that the injuries claimant suffered were a result of his employment. The referee set aside that denial and the Board reversed. Relying on *Adamson v. The Dalles Cherry Growers, Inc.*, 54 Or App 52, 633 P2d 1316 (1981), it concluded that claimant's injury is not compensable under the "parking lot" exception to the going and coming rule, because employer did not control the public road where claimant was injured.

We address only claimant's argument that his injury was compensable because it was caused by an employer-created hazard. He contends that the Board's reliance on *Adamson* is misplaced and that this case is factually similar to

*Kiewit Pacific v. Ennis*, 119 Or App 123, 849 P2d 541 (1993). In that case, the Board found that the employer's requirement that the claimant use a specific parking lot exposed him to a greater hazard than that faced by the general public and that, therefore, the claimant's injury was connected to his employment. Claimant contends that employer's practice of requiring employees to park on the shoulder of the road when the fields are muddy supports a finding that employer exposed him to a hazard to which the general public was not exposed. Employer responds that there was no finding that it exposed claimant to a hazard of errant drivers any different from that to which members of the general public are exposed, that the injury occurred on a county road that employer did not control or maintain and that claimant's use of the road was no different from that of any member of the general public.

■■    Injuries sustained by an employee who is going to or coming from work generally are not compensable, because they do not arise out of and in the course of employment. *SAIF v. Reel*, 303 Or 210, 216, 735 P2d 364 (1987). One exception involves employer-created hazards.

> "[W]hen an employee traveling to or from work sustains an injury on or near the employer's premises, there is a 'sufficient work relationship' between the injury and the employment only if the employer exercises some 'control' over the place where the injury is sustained. Whether the requisite control is evinced by increased, employer-created hazards * * * or by the employer's property rights to the area where the injury is sustained * * * is immaterial." *Cope v. West American Ins. Co.*, 309 Or 232, 239, 785 P2d 1050 (1990) (citations omitted).

In *Adamson*, the claimant was prevented from parking in the employer's parking lot because it was filled with snow. She parked on the street and was injured when she slipped on the icy surface and fell while on her way to the building in which she worked. In affirming the Board's order denying compensability, we noted that the street was not part of the employer's premises and that the employer did not exercise control over the use or maintenance of the street. 54 Or App at 59.

In *Kiewit Pacific*, by contrast, the claimant was injured when his car was struck from the rear by a log truck as he was slowing to a near stop to turn from Highway 42 into the employer's parking area. Relying on *Nelson v. Douglas Fir Plywood Co.*, 260 Or 53, 488 P2d 795 (1971), we affirmed the Board's finding of an employer-created hazard and its conclusion that the injury was, therefore, compensable. The claimant was required to use the employer's parking lot and the entrance to that lot was constructed in a way that exposed the claimant to greater risks than those faced by the general public.

The facts in this case make it analogous to *Adamson*, not to *Kiewit Pacific*. Substantial evidence supports the Board's finding that employer created no hazard for claimant that did not exist for members of the general public. The Board did not err in upholding the denial of compensation.

Affirmed.