*[1303]
 
 TANZER, J.
 

 This is an appeal by the claimant in a workers’ compensation case. Claimant fractured a bone in her foot when she fell in a parking lot while on her way to work on January 17,1976. Her doctor initially advised her not to work for four weeks, and he did not actually release her for work until March 15, 1976.
 

 Claimant notified her employer of the injury on the day it occurred. The State Accident Insurance Fund (SAIF) did not deny her claim until April 1,1976, two weeks after the expiration of the 60-day statutory period for accepting or denying a claim. ORS 656.262(5). SAIF was also tardy in making the interim compensation payments which were due claimant pending SAIF’s acceptance or denial of her claim.
 

 The referee, Workers’ Compensation Board (Board) and circuit court all determined that claimant’s injury was not compensable because it did not arise "out of and in the course of employment.” ORS 656.005(8)(a). The referee ordered SAIF to pay a 15 percent penalty for the delays in paying interim compensation; he rejected claimant’s request for SAIF-paid attorney fees and directed that claimant’s attorney be paid 25 percent of the penalty as his fee. The Board affirmed the referee’s order, but the circuit court reversed, finding that no interim compensation, penalties or attorney fees were due claimant because the injury was not compensable. On appeal, the issues are compensability, penalties and attorney fees.
 

 Compensability
 

 The relevant facts are identical to those in
 
 Rohrs v. SAIF,
 
 27 Or App 505, 556 P2d 714 (1976). For the same reasons, claimant’s injury is not compensable. We affirm the portion of the judgment below which so finds.
 

 Penalties
 

 ORS 656.262 requires that SAIF shall pay the first instalment of compensation within 14 days of the
 
 *[1304]
 
 employer’s receipt of notice of the injury and that it shall accept or deny the claim within 60 days.
 

 * * * *
 

 "(2) The compensation due under this chapter from the fund or direct responsibility employer shall be paid periodically, promptly and directly to the person entitled thereto upon the employer’s receiving notice or knowledge of a claim, except where the right to compensation is denied by the direct responsibility employer or fund.
 

 "(4) The first instalment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the board determines that payment in instalments should be made at some other interval. The board may by regulation convert monthly benefit schedules to weekly or other periodic schedules.
 

 "(5) Written notice of acceptance or denial of the claim shall be furnished to the claimant by the fund or direct responsibility employer within 60 days after the employer has notice or knowledge of the claim. * * *”
 

 Interim compensation must be paid until the claim is accepted or denied. The fact that the claim is ultimately denied does not vitiate this obligation or obligate claimant for restitution.
 
 Jones v. Emanuel Hospital,
 
 280 Or 147, 570 P2d 70 (1977); ORS 656.313.
 

 SAIF issued the first check for claimant’s temporary total disability on February 3, 1976, but it covered only one day of disability. The second check was issued on February 27, but it covered only the period through February 10. A March 11 check paid compensation through February 24. Finally, on March 29, SAIF issued a fourth check which covered claimant’s temporary total disability through March 15, when she was released for work by her doctor. Claimant’s counsel three times objected to the delays and requested that the payments be brought up to date, and SAIF had timely notice of the duration of the disability.
 

 
 *[1305]
 
 ORS 656.262(8) provides for penalties if SAIF unreasonably delays payment of compensation or acceptance or denial of the claim:
 

 "If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382.”
 

 Claimant asserts both types of delay as grounds for penalties in this case. However, because claimant does not seek compensation for the period between March 15, when she was released for work by her doctor, and April 1, when SAIF finally denied her claim, a sanction for delay in accepting or denying the claim is not allowable for that two-week period. For that two-week period, there is no compensation due on which a penalty could be computed or imposed.
 

 We find no authority defining "unreasonable delay” or applying the term in the context of the Workers’ Compensation Act. Absent such experience, we decline to do so in this case and will look instead for case-by-case development of workable rules. It is enough to say in this case that we look to the length of the delay and the cause of or justification for it. We conclude, as did the referee and the board, that SAIF’s delay in making interim compensation payments was unreasonable. As of February 26, claimant had been disabled for 40 days but had been compensated for only one day of disability. SAIF did not fully update the payments even after being requested to do so, and at no time was the lag between entitlement and compensation less than two weeks. SAIF offers no substantial excuse for its tardiness. A 15 percent penalty, as imposed by the referee and the Board, is appropriately computed both as a sanction against SAIF and as payment to claimant for whatever difficulties may have been caused by the continuing delay. We therefore reverse the portion of the circuit
 
 *[1306]
 
 court judgment holding to the contrary and reinstate the Board’s order awarding claimant a penalty of 15 percent of the delayed compensation payments.
 

 Attorney fees
 

 ORS 656.262(8) authorizes a penalty for unreasonable delay or refusal to pay compensation "plus any attorney fees which may be assessed under ORS 656.382.” The latter section requires SAIF to pay attorney fees when it "unreasonably resists the payment of compensation.”
 
 [1]
 
 The issue, then, is whether delay may be deemed resistance.
 

 SAIF made the payments late because the responsible employee got behind in her work due to personal problems. The referee and the Board reasoned that there was no resistance because SAIF would have made the payments eventually and that counsel was therefore not instrumental in overcoming nonexistent resistance. That interpretation, however, is inconsistent with the worker’s entitlement under ORS 656.262(2) to "promptly” made payments. The promptness requirement seems to be an implicit accommodation to the fact that the worker’s financial needs
 
 *[1307]
 
 continue to accrue as promptly as ever despite the injury. The remedy for the insurer in such a case is prompt acceptance or denial, not delay.
 

 To interpret the statutory term "unreasonable resistance” to include situations where the insurer is clearly obliged to pay but defers doing so without good cause is consistent with the principle that the Workers’ Compensation Act is to be construed liberally for the benefit of the workers whom it is designed to protect.
 
 Holden v. Willamette Industries,
 
 28 Or App 613, 618, 560 P2d 298 (1977). On a practical level, it is also consistent with the underlying purpose of the statutory provisions regarding attorney fees: a claimant should not have to pay an attorney to obtain interim compensation to which he or she is entitled. Here, the normal expectation that the worker needs interim compensation and SAIF’s delays in making payments were reasonable cause for claimant to rely upon the assistance of counsel. In a telephone conversation on February 27,1976, her attorney asked SAIF to update the interim compensation payments; he made a similar request by letter on March 18. On March 30, one day before claimant received her final temporary total disability payment, her attorney again wrote SAIF about the delayed compensation. To the extent that SAIF refused to make interim compensation payments "promptly,” SAIF unreasonably resisted making the payments and claimant is entitled to attorney fees for the efforts of counsel, albeit unsuccessful, to overcome the delay.
 

 The Board ordered that claimant pay counsel 25 percent of the penalty as an attorney fee. ORS 656.262(8), however, provides for penalties "plus” attorney fees and, because each item is calculated to achieve different objectives, they must be computed separately.
 

 Therefore, claimant is entitled to a reasonable attorney fee for the efforts to obtain the overdue interim compensation and the accompanying penalty,
 
 *[1308]
 
 ORS 656.262(8) and 656.382(1), but SAIF need not pay for the attorney's efforts toward establishing the compensability of the claim. We remand for a determination of a reasonable SAIF-paid attorney fee in addition to compensation and penalties for efforts to overcome SAIF’s resistance to paying timely interim compensation.
 

 Affirmed in part; reversed in part and remanded.
 

 [1]
 

 ORS 656.382(1) and (2) provide:
 

 "(1) If a direct responsibility employer or the State Accident Insurance Fund refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or fund shall pay to the claimant or his attorney a reasonable attorney’s fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the fund to be charged such fees, such employer may be charged with those fees.
 

 "(2) If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal.”
 

 The reference in subsection (1) to subsection (2) refers to the manner in which the fees are to be paid and does not incorporate an additional requirement that the employer or SAIF initiate the hearing, review or appeal before attorney fees can be awarded against it for the resistance described in subsection (1).
 
 Wingfield v. National Biscuit Co.,
 
 8 Or App 408, 413, 494 P2d 905 (1972).