In the Matter of the Compensation of
Phillip Barrett, Claimant.

## BARRETT,
*Petitioner,*

*v.*

## COAST RANGE PLYWOOD et al,
*Respondents.*

(WCB No. 79-09391, CA A20721)

641 P2d 1161

Linda C. Love, Salem, argued the cause for petitioner. On the brief were Rolf Olson and Olson, Hittle, Gardner & Evans, Salem.

Marshall C. Cheney, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, Young, Judge, and Roberts, Judge Pro Tempore.

YOUNG, J.

### YOUNG, J.

Claimant appeals from an order of the Workers' Compensation Board affirming an order of the referee denying penalties and attorney's fees relating to the suspension of compensation payments following claimant's failure to keep an appointment for a medical examination. We review *de novo,* ORS 656.298(6), and affirm.

The insurer, by letter dated February 6, 1980, notified claimant to submit himself for a medical examination[1] at a specified time and place on February 25, 1980. The letter contained the following caveat:

"This appointment has been made specially for you and if you cannot keep it for any reason, please contact me immediately. I must request suspension of compensation benefits if you do not keep this appointment and if I do not hear from you."

Claimant was unable to keep the scheduled appointment, and his attorney replied to the insurer:

"[Claimant] informs me he will be unable to attend the appointment you have scheduled * * * on February 22.

"Please reschedule this appointment at a later date and in the meantime, please comply with the Board Rules regarding independent evaluations."[2]

On February 27, 1980, the insurer submitted a request for consent to suspend compensation payments to the Workers' Compensation Department,[3] and an order authorizing suspension of payments was granted effective March 31, 1980. The evidence was that claimant did have a "valid reason" under OAR 436-54-283(3) for not keeping the appointment; on advice of his treating physician, he required bed rest due to a severe reaction to treatment.

---

[1] If a claimant, "* * * refuses to submit to such [medical examination], or obstructs the same, his rights to compensation shall be suspended with the consent of the director until the examination takes place * * *." ORS 656.325(1).

[2] The attorney's letter misstated the appointment date. After receipt of the attorney's letter the insurer telephoned the attorney but was unable to contact him and left a message asking the attorney to return the call. The call was not returned.

[3] The insurer's request for consent to suspend payments was misdirected to the Evaluation Division of the Department. OAR 436-54-283(5) provides that an application requesting consent to suspend payments shall be submitted to the Compliance Division.

It is clear from the foregoing that the insurer failed to comply with the pertinent rules[4] when it scheduled the

---

[4] The "procedural rules" relied upon by the referee are:

OAR 436-54-281 provides:

"(1) The Compliance Division is responsible for issuing an order of consent to the suspension of compensation by an insurer or self-insured employer under the following conditions:

"(a) An order shall be issued if the worker, when requested by the Director, insurer or self-insured employer, fails or refuses to submit to medical examination, or obstructs the same at a time and from time to time at a place reasonably convenient for the worker. The compensation under the order shall be suspended until the examination has taken place. No compensation shall be due or paid during such period.

"* * * * *

"(c) An order shall be issued for any period of time during which a worker refuses to submit to such medical or surgical treatment as is reasonably essential to promote recovery. No compensation shall be due or paid during such period."

OAR 436-54-283, in pertinent part, provides:

"(1) A worker shall submit to medical examination at a time and, from time to time, at a place reasonably convenient for the worker when requested to do so by the Director, insurer or self-insured employer. For the purposes of this section, the Callahan Center shall be presumed to be a place reasonably convenient for an examination of any worker receiving benefits pursuant to ORS Chapter 656.

"(2) The director, insurer or self-insured employer shall notify the worker in writing at least 10 days prior to the examination of the following:

"(a) purpose of the examination,

"(b) the date, time and place of the examination, and

"(c) in prominent or bold-face type the paragraph:

"ATTENDANCE OF THIS EXAMINATION IS MANDATORY. YOU ARE RESPONSIBLE FOR NOTIFYING US PRIOR TO THE DATE OR TIME OF THE EXAMINATION OF ANY VALID REASON WHY YOU CANNOT ATTEND AS SCHEDULED. FAILURE TO ATTEND THIS EXAMINATION, OBSTRUCTION OF SAME, OR AN INVALID REASON FOR NOT ATTENDING SHALL RESULT IN SUSPENSION OF YOUR COMPENSATION BENEFITS PURSUANT TO ORS 656.325 and OAR 436-54.

"(3) The Director, insurer or self-insured employer upon receipt from the worker of a valid reason for not attending a scheduled examination or not completing an authorized program shall determine whether to reschedule same. If the examination is to be rescheduled, the Department, insurer or self-insured employer shall immediately reschedule the worker for the requested examination as soon as possible in the future and consistent with the ability of the worker to submit to such examination."

OAR 436-69-210 provides:

"(1) The Board, the Director, or insurer have the right to obtain medical examinations of the worker by physicians of their choice. The worker shall be

medical examination. Specifically, the insurer's letter of February 6, 1980, failed to state the purpose of the examination and did not contain the required cautionary language. OAR 436-54-283(2)(a) and (c), OAR 436-69-2l0(1). The insurer did not determine whether the examination was at a place, time or interval reasonably convenient to claimant. OAR 436-69-610(1). Claimant's treating physician was not consulted before the scheduling of the examination as required by OAR 436-29-210(2). Nor did the insurer determine if the scheduled examination would delay or interrupt claimant's treatment. OAR 436-69-210(1). Although claimant had a "valid reason" not to keep the appointment, he did not advise the insurer of that fact and failed to keep the scheduled appointment. OAR 436-54-281(1)(a) and OAR 436-54-283(3).

The referee found that the insurer failed to "comply substantially with the procedural rules * * * of the Workers' Compensation Department pertaining to submitting claimant to a required medical examination * * *." The referee set aside the suspension order but declined to award penalties and fees, because "* * * the delay and hardship, if any, caused in this case because of the issuance of the order of suspension was contributed to by the claimant or his agent." The referee concluded that claimant had failed to prove by a preponderance of the evidence his entitlement to penalties and fees.

■ Claimant argues that penalties and attorney's fees should be awarded because of the insurer's "unreasonable resistance" to the payment of compensation. Claimant cites no statute or Board Rule for that proposition. Penalties and fees can be awarded only when expressly authorized by statute. *Brown v. EBI Companies,* 289 Or 905, 618 P2d 959 (1980); *Morgan v. Stimson Lumber Company,* 288 Or 595,

notified of the purpose of the examination. Such examinations shall be at places, times, and intervals reasonably convenient to the worker, and shall not delay or interrupt proper treatment of the worker.

"(2) The person requesting the examination should consult with the attending physician and endeavor to choose a mutually agreeable examiner. However, the selection of the examiner finally rests with the Board, the Department or insurer.

"(3) The person requesting the examination shall send a copy of the report to the treating physician."

607 P2d 150 (1980); *Korter v. EBI Companies, Inc.,* 46 Or App 43, 610 P2d 312 (1980), 51 Or App 206, 625 P2d 668 (1981); *Atwood v. SAIF,* 30 Or App 1009, 569 P2d 52 (1977). Claimant's use of the quoted langauge suggests that ORS 656.262(8) and ORS 656.382(1) form the basis for his argument. ORS 656.262(8)[5] authorizes a penalty for unreasonable delay or refusal to pay compensation plus any attorney fee which may be assessed under ORS 656.382, which requires the payment of attorney fees when a direct responsibility employer or SAIF "unreasonably resists the payment of compensation." *Williams v. SAIF,* 31 Or App 1301, 1306, 572 P2d 658 (1977), *rev den* (1978).[6]

We have found no case and none has been cited that deals with the precise question now before us.[7] The narrow issue is whether ORS 656.262(8) and ORS 656.382 or any Board Rule authorizes assessment of penalties or the award of attorney's fees when the insurer violates the pertinent rules relating to the procedure to schedule medical examinations.

---

[5] ORS 656.262(8) provides, in pertinent part:

"If the corporation or direct responsibility employer or its insurer *unreasonably refuses* to pay compensation, or unreasonably delays acceptance or denial of a claim, the direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382." (Emphasis added.)

[6] ORS 656.382(1) and (2) provide:

"(1) If a direct responsibility employer or the State Accident Insurance Fund Corporation refuses to pay compensation due under an order of a referee, board or court, or otherwise *unreasonably resists* the payment of compensation, the employer or corporation shall pay to the claimant or his attorney a reasonable attorney's fee as provided in subsection (2) of this section. To the extent a contributing employer has caused the corporation to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review or court appeal is initiated by an employer or the corporation, and the referee, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or corporation shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the referee, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal." (Emphasis added.)

[7] *But see Morgan v. Stimson Lumber Company, supra,* which held that the Board did not exceed its statutory authority when it ordered the employer to pay a penalty and attorney fee for delaying or refusing prompt payment or decision of a claim by failing to honor the claimant's request for certain documents pursuant to OAR 436-83-460.

■ The difficulty of resolving the issue is compounded by the fact that the Department, acting through its Compliance Division, must consent to the suspension of payments prior to actual suspension by the insurer. ORS 656.325(1), *supra;* OAR 436-54-281(1)(a) and (c). Here, the insurer's request for consent to suspend included the insurer's letter notifying claimant of the scheduled examination and the claimant's response. It is clear from a reading of the request that it did not comply with the rules. Nonetheless, the Compliance Division found a sufficient basis to conclude that claimant failed to submit to the examination, and it consented to the suspension of payments, even though the Compliance Division, by its own rules, has authority to deny a request for suspension "because of an improper request." OAR 436-54-281(5). Given the Compliance Division's consent to the insurer's actions, we agree with the Board that the insurer's actions were not unreasonable under either ORS 656.262(8) or ORS 656.382 — assuming either statute (or both) is otherwise applicable.

Affirmed.