Argued and submitted July 9, reversed and remanded October 10, reconsideration denied November 30, petition for review denied December 18, 1984 (298 Or 427)

In the Matter of the Compensation of
Harold A. Lester, Claimant.

LESTER,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(82-08239; CA A30497)

689 P2d 342

Mike Stebbins, North Bend, argued the cause for petitioner. With him on the brief was Hayner, Waring, Stebbins & Coffey, North Bend.

Paul L. Roess, Coos Bay, argued the cause for respondent. On the brief were Daniel M. Spencer, and Foss, Whitty & Roess, Coos Bay.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

In this workers' compensation case claimant appeals the denial of a penalty and attorney fees for unreasonable delay in the closure of his claim and the payment of permanent partial disability. ORS 656.262(10). We reverse.

Claimant was injured on September 22, 1980, in the course of his work for respondent, a self-insured employer. On April 13, 1981, he returned to his regular work. On November 24, he was declared medically stationary. On February 11, 1982, respondent submitted a form 1503 to the Evaluation Division requesting a determination order. On February 19, respondent received a request from the Evaluation Division for more information, specifically a statement from claimant's doctor specifying "the injured part's active range of motion, in degrees." It was not until August 10, some six months later, that respondent sent the inquiry to claimant's physician. The physician promptly responded, and on August 31, 1982, a determination order awarded $1,350 in permanent partial disability benefits.[1]

■ The issue is whether the referee and the Board erred in determining that the six-month delay in obtaining the requested medical report in order to process the claim was not unreasonable. The referee found that the delay was not unreasonable, because claimant suffered no prejudice and that there was no evidence that the delay was intentional, relying on *Newman v. Murphy Pacific Corp.,* 20 Or App 17, 530 P2d 535 (1975).

The relevant statute is ORS 656.262(10):

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

We first determine whether the statute provides a basis to assess a penalty and attorney fees under the facts of this case.

---

[1] The determination order granted temporary total disability from September 22, 1980, through April 12, 1981, and awarded permanent partial disability amounting to 10 percent loss of the right foot (ankle).

Respondent argues that the statute does not provide for a penalty or fees when the delay is in responding to a request by the Evaluation Division for additional medical information preliminary to claim closure. We disagree. In the words of the referee:

> "The processing of claims in providing compensation for a worker in the employ of the contributing employer is the responsibility of the self-insured employer. ORS 656.262(1). Penalties are provided for unreasonable delays or unreasonable refusals to pay compensation, ORS 656.262(9)."[2]

Further, promptness in the payment of compensation is mandated by ORS 656.262(2).

█ In *Georgia Pacific v. Awmiller,* 64 Or App 56, 666 P2d 1379 (1983), we held, *inter alia,* that the employer was responsible for a penalty and an attorney fee because it had failed to seek a timely claim closure. In the present case, the delay was the failure to obtain additional medical information preliminary and necessary to claim closure. We find no meaningful distinction between the facts in *Georgia Pacific* and the facts in the present case. We hold that respondent's failure timely to process the claim under ORS 656.262(1) and (2) triggers the sanctions of a penalty and attorney fees under ORS 656.262(10), if the delay is "unreasonable."

What constitutes an "unreasonable delay" has been determined by this court on a case-by-case basis. In *Williams v. SAIF,* 31 Or App 1301, 1305, 572 P2d 658 (1977), we stated:

> "We find no authority defining 'unreasonable delay' or applying the term in the context of the Workers' Compensation Act. Absent such experience, we * * * will look instead for case-by-case development of workable rules. It is enough to say in this case that we look to the length of the delay and the cause of or justification for it. We conclude * * * that [the] delay in making interim compensation payments was unreasonable."

The referee and the Board (one member dissenting) understood our decision in *Newman v. Murphy Pacific Corp., supra,* as requiring a finding of prejudice to the claimant and an intentional delay on the part of the insurer or self-insured

---

[2] When the referee made that statement, the present statute, ORS 656.262(10) was numbered ORS 656.262(9). Or Laws 1983, ch 816, § 7.

employer before assessing penalties and attorney fees under the statute. *Newman* concerned a delay in the payment of a medical bill and a 7-1/2-month delay in the issuance of a determination order. With respect to the medical bill, we held that the claimant failed to produce sufficient evidence to show an unreasonable delay. Concerning the delayed determination order, we stated:

> "We cannot, from the record, tell where the cause for delay occurred. In any event, we find claimant suffered no ultimate prejudice, and we see no proof of anything intentional about the carrier's having caused a delay; therefore, we do not consider it to have been proven 'unreasonable.' " 20 Or App at 23.

More recently, in *Georgia Pacific v. Awmiller, supra,* there was more than a year's delay in obtaining a determination order. The employer offered no explanation for the delay. We looked at the delay and the absence of any justification for it and held it was "unreasonable."[3]

 Under the statute, a penalty and an attorney fee are assessed when the insurer or self-insured employer "unreasonably delays or unreasonably refuses to pay compensation." It is the duty of the factfinder to determine whether the delay or refusal are unreasonable. What constitutes unreasonableness must depend on the particular facts and circumstances of each case. *See, e.g., Barrett v. Coast Range Plywood,* 56 Or App 371, 641 P2d 1161 (1982). Assuming that *Newman v. Murphy Pacific Corp., supra,* holds that prejudice and intentional delay are *necessary* predicates to the imposition of a penalty and attorney fees, we disapprove of that holding and to that extent *Newman* is overruled.

 Because a worker is entitled under ORS 656.262(2) to "promptly" made payments, *Williams v. SAIF, supra,* 31 Or App at 1306, diligence is required by the insurer or self-insured employer to process the claim for closing timely and to pay compensation found due. In the present case, the six-month

---

[3] In *Hutchinson v. Louisiana-Pacific,* 67 Or App 577, 679 P2d 338, *rev den* 297 Or 340 (1984), the self-insured employer refused to pay temporary total disability compensation after payment was ordered by the referee. We characterized the refusal as constituting an unreasonable delay in the payment of compensation. It may have been more accurate to have described the employer's failure as an "unreasonable refusal" under ORS 656.262(10), rather than an "unreasonable delay."

delay is without explanation. Absent an explanation, we are entitled to conclude that the delay was without justification. We hold that respondent's delay in furnishing the requested medical information to permit closure of the claim and the making of the determination order, which in turn delayed the payment of permanent partial disability, was unreasonable. We also conclude that respondent's delay constitutes unreasonable resistance to pay compensation under ORS 656.382, entitling claimant to his reasonable attorney fees. *Williams v. SAIF, supra,* 31 Or App at 1306.

Reversed and remanded for determination of penalty and attorney fees.