Argued and submitted February 6, reversed March 22, 1989

In the Matter of the Compensation of
Tana L. Wilson, Claimant.

SAIF CORPORATION et al,
*Petitioners,*

*v.*

WILSON,
*Respondent.*

(WCB 87-16385; CA A48871)

770 P2d 972

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Employer seeks review of an order of the Workers' Compensation Board determining that claimant is entitled to an award of attorney fees under ORS 656.262(10)[1] and ORS 656.382(1),[2] because employer failed to close claimant's non-disabling claim. Claimant was injured at work on January 8, 1981. Employer promptly accepted the claim as nondisabling and paid medical bills. However, employer never closed the claim as required by *former* ORS 656.268(3).

ORS 656.262(10) and ORS 656.382(1) authorize the assessment of penalties and attorney fees if an employer resists payment of compensation or otherwise unreasonably causes a delay in payment of compensation. There is no contention here that employer refused to pay or delayed the payment of compensation. In the two cases on which the Board relied, *Georgia Pacific v. Awmiller,* 64 Or App 56, 59, 666 P2d 1379 (1983), and *Lester v. Weyerhaeuser,* 70 Or App 307, 689 P2d 342, *rev den* 298 Or 427 (1984), holding that a penalty may be assessed for an employer's failure to seek claim closure, the failure resulted in a delayed payment of compensation. Here, there has been no delay in payment of compensation; accordingly, there is no statutory authority on which a penalty on attorney fees may be assessed.

Reversed.

---

[1] ORS 656.262(10) provides:

"If the insurer or self-insured employer *unreasonably delays or unreasonably refuses to pay compensation,* or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382." (Emphasis supplied.)

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."