Argued and submitted December 3, 1990 reversed and remanded for reconsideration
March 13, 1991

In the Matter of the Compensation of
Tommy V. Arms, Claimant.
GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

Tommy V. ARMS,
*Respondent.*

(WCB 88-03948, 88-07597, 88-07597; CA A64255)

807 P2d 331

Jerry K. Brown, McMinnville, argued the cause for petitioner. With him on the brief was Fish & Peterson, P.C., McMinnville.

James L. Edmunson, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

Riggs, J., dissenting.

## EDMONDS, J.

Employer seeks review of an order of the Workers' Compensation Board awarding claimant a penalty and attorney fees for an unreasonable denial. ORS 656.262(10); 656.382(1).[1] We reverse.

In December, 1980, claimant strained his back while working as a logger for employer. His claim was accepted, and he was eventually awarded 30 percent unscheduled permanent partial disability. In September, 1987, he began working for Black Brothers Logging. On January 27, 1988, he left work early and went to the hospital and was examined by Dr. Mackey. The emergency room records noted "c/o lumbar-sacral pain radiate to L. hip x 2 weeks. Logging today (CAT skinner) Hx of back operation." Mackey referred claimant to Dr. Gallo, a neurosurgeon. Two days later, he returned to the emergency room and was treated by Dr. Kaib, who noted that claimant had previously visited the emergency room with "an acute exacerbation after driving a [C]aterpillar tractor."

Claimant saw Gallo on February 2, 1988. Her first report indicates that claimant had injured his back at work two weeks earlier. Claimant filed an aggravation claim with employer. On the basis of reports from Gallo and the emergency room physicians, employer denied responsibility for claimant's medical treatment and disability. However, in a March 29, 1988, letter to claimant's attorney, Gallo said:

"Apparently when I took my initial history on Mr. Tommy Arms, I misunderstood his history regarding his most recent exacerbation of back pain. I have spoken with him

---

[1] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

recently and we have sorted through my mistake. * * * Apparently I misunderstood him to say that he reinjured his back while at work. This was not the case. He was at home on a Sunday and was assisting a relative in transplanting some fruit trees. * * * This mistake is purely my own and I do not feel that the patient misled me on the initial consultation."

After that letter was forwarded to employer, it continued to deny the claim. In addition to the emergency room reports, it had a report from Dr. Zivin dated June 16, 1988, that said:

"It is quite clear from the original emergency contacts that the patient told the physician at that time that the circumstances revolved about his work with Black Brothers Logging Company."

Also, it had information that claimant's son-in-law held a management position at Black Brothers Logging and had been instrumental in getting claimant hired.

At a hearing in July, 1988, the referee set aside employer's denial but did not award a penalty or attorney fees. On review, the Board affirmed the referee except that it awarded a penalty and attorney fees against employer for its failure to rescind its denial after receiving Gallo's March 29 letter. It found:

"Claimant suffered an aggravation of his 1980 low back injury in January 1988, while at home digging and replanting fruit trees. *Due to a misunderstanding when claimant first went to the emergency room for back pain on January 27, 1988, it was noted that claimant had injured his back while working with one of SAIF's insureds, Black Brothers Logging, rather than at home. That mistake continued through a second emergency room visit and into the surgeon's initial examination report.* When claimant became aware of the error, he informed his surgeon, who in turn wrote a letter to claimant's attorney to rectify the misinformation and clarify the cause of injury.

"The self-insured employer received a copy of the surgeon's clarifying letter on April 21, 1988, three months prior to hearing.

"* * * * *

"It is true that there was information in the two emergency room reports that would lead the employer and the surgeon to believe that claimant was injured at another

employment. However, when claimant subsequently became aware of the misinformation, he immediately informed his surgeon who, in turn, informed claimant's attorney of the error by letter dated March 29, 1988. She noted that the error had resulted from *her* misunderstanding of claimant's history. The employer received a copy of the surgeon's letter on April 21, 1988, three months before hearing. [Emphasis in original.]

"* * * * *

"After *de novo* review of the record, we conclude that the *evidence received by the employer, which stated that claimant had not hurt his back at a subsequent employment, was sufficient to destroy any legitimate doubt on the part of the employer that it was responsible for claimant's surgery.* Therefore, its continuing denial in the face of such evidence was unreasonable. Accordingly, we shall assess a penalty and associated attorney fee. ORS 656.262(10), 656.382(1)." (Emphasis supplied.)

■    When an employer has once reasonably denied a claim, "continuation of that denial in the light of new medical evidence becomes unreasonable if, but only if, the new evidence destroys any legitimate doubt about liability." *Brown v. Argonaut Insurance Company,* 93 Or App 588, 592, 763 P2d 408 (1988). The Board followed the correct legal standard: whether employer had a legitimate doubt as to its liability. Employer challenges the Board's findings, claiming that they are unsupported by substantial evidence and that they do not lead to the Board's conclusion.

■    The Board's finding that the emergency room physicians misunderstood the history that claimant gave them is not supported by substantial evidence. Although Gallo's second report supersedes the information in her first report, it does not refer to information employer had from earlier examinations by Mackey and Kaib or impugn the accuracy of the information claimant provided to them before he saw Gallo. Therefore, the Board's conclusion that Gallo's second report "destroyed" any legitimate doubt that was raised by the other information does not logically follow and the order is insufficient for our review. Accordingly, we remand to the Board to explain how it reached its conclusion.

Reversed and remanded for reconsideration.

**RIGGS, J.,** dissenting.

The majority concludes that the Board was wrong in determining that employer's continued unreasonable denial of compensation justified an award of attorney fees and a penalty in favor of claimant. The majority is wrong.

If an employer fails to withdraw a denial of compensation after obtaining new medical evidence that removes any reasonable doubt concerning the legitimacy of the claim, the imposition of penalties and attorney fees is appropriate. *Brown v. Argonaut Insurance Company,* 93 Or App 588, 763 P2d 408 (1988). In this case, employer was told by Dr. Gallo, in writing, that part of her earlier history of claimant was incorrect. Gallo provided that correction to claimant's counsel, who in turn provided it to employer at least three months before the hearing. The majority makes much of the fact that there were two references by physicians in the emergency room that had stated claimant's history inconsistently with Gallo's corrected history. The majority also relies on the fact that Gallo's corrected history did not refer to the information from other physicians or "impugn its accuracy."

Whether or not Gallo had any obligation to acknowledge or refute medical information that she believed to be incorrect, employer failed to take appropriate action after receiving her corrected report. During the three months between the time when employer received Gallo's letter and the time of the hearing, it apparently did absolutely nothing to verify the accuracy of the emergency room notes if, indeed, it believed that there was any legitimate doubt concerning the corrected history that Gallo provided.

*On these facts,* the Board could, and did, correctly conclude that Gallo's corrected and timely report removed any legitimate doubt concerning the true history, at least in the absence of any effort by employer to determine the accuracy of the emergency room records in light of Gallo's corrected report. We review for substantial evidence, and we should affirm the Board. Because we do not, I respectfully dissent.