Argued and submitted February 11, affirmed as to denial of attorney fees and penalties; otherwise reversed and remanded for reconsideration August 28, 1991

In the Matter of the Compensation of
Stephen A. Scarratt, Claimant.

Stephen A. SCARRATT,
*Petitioner,*

*v.*

H. A. ANDERSON CONSTRUCTION CO.,
and Liberty Northwest Insurance,
*Respondents.*

(88-12306; CA A64724)

816 P2d 691

Nelson Hall, Portland, argued the cause for petitioner. On the brief were Lawrence Baron and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Stafford J. Hazelett, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J.

## DEITS, J.

Claimant assigns error to the Workers' Compensation Board's decision that an injury resulting from using a jackhammer at work caused only a temporary worsening of the symptoms of his pre-existing arthritic condition. He contends that the Board should not have decided whether the injury resulted in a worsening of his underlying condition and that the Board's finding that he had suffered only a temporary increase in symptoms was not supported by substantial evidence. He also requests that we uphold the attorney fees and penalties that the referee had awarded for unreasonable denial and that the Board set aside.

Claimant was employed by a construction company. On August 19, 1987, he used a jackhammer for the first time. He developed pain and swelling in his wrists and hands, and a visible knot developed in one wrist. He had had no prior wrist injuries, nor had he suffered similar pain and swelling. He immediately showed his hands to his supervisor, who then placed him on lighter work. Claimant filed this claim in January, 1988, and sought medical treatment in February. Another physician evaluated him in September, 1988. Both physicians diagnosed claimant as having a pre-existing bilateral wrist degenerative osteoarthritis that became symptomatic while he was jackhammering. Since February, 1988, claimant has worked as a mail handler. He has had no significant wrist or hand problems on that job, but the symptoms recur when he does certain activities, such as hammering and mowing the lawn. Employer denied his claim in June, 1988.

The referee found that,

"although claimant had pre-existing arthritis, claimant was essentially asymptomatic prior to this exposure on August 19, 1987. He was able to function without difficulty or restrictions as a construction worker up to this point.

"This exposure, i.e. period of jackhammer use, was sufficiently discrete and defined in duration and nature so as to constitute an industrial injury rather than an occupational disease. Following this period of exposure, claimant had a distinct change in his wrists with persisting symptomatology which led to limitation in his work activities, and eventually the need for medical evaluation and treatment. The work

activity thus precipitated the disability and the need for treatment."

The referee also found that the denial was unreasonable. She ordered that the denial be set aside, remanded the case for processing, awarded attorney fees and assessed a penalty.

The Board held that claimant has a compensable condition defined as "a temporary increase in his wrist symptoms." It also held that the injury did not result in a worsening of the underlying arthritic condition. The Board then "reinstated the insurer's denial insofar as it pertains to a denial of claimant's underlying wrist condition." It also modified the attorney fees award concerning the denial and reversed the assessment of a penalty and attorney fees for an unreasonable denial.

Claimant contends that, in deciding that the underlying condition had not worsened, the Board addressed an issue that was not before it and was not necessary to resolve the case. He asserts that "the Board should have limited the issue to simply whether claimant suffered a compensable injury."

■　The Board did not err in addressing whether claimant's underlying condition had worsened. An employer is responsible for injuries that arise out of and in the course of employment. ORS 656.005(7). An employer is not, however, responsible for conditions that are not related to an occupational injury or for conditions that existed before the injury occurred and were not worsened by the injury. *Barrett v. D & H Drywall,* 300 Or 325, 329, 709 P2d 1083 (1985), *clarified* 300 Or 553, 555, 715 P2d 90 (1986). A worker may suffer symptoms, even though the underlying condition has not worsened. Under the occupational disease statute, ORS 656.802, a worker cannot be compensated for symptoms of a pre-existing disease if the underlying condition has not worsened. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). However, disabling symptoms of an underlying disease *are* compensable if they are caused by an occupational injury, even if the underlying disease has not worsened. ORS 656.005(7)(a); *Barrett v. D & H Drywall, supra,* 300 Or at 330. Similarly, symptoms that require medical services are

compensable if they are caused by an occupational injury, even if the underlying disease has not worsened.

■    Claimant contends that the Board should have concluded its review as soon as it found that some symptoms were compensable. We disagree. The Board may distinguish between a compensable and a noncompensable condition when a claimant has both, as it did in *Roy Bier,* 35 Van Natta 1825 (1983):

> "Even [the doctors] agree that the twisting incident * * * caused an increase in claimant's symptoms. Accordingly, [insurer's] denial of the industrial injury claim must be set aside.
>
> "We wish to make it clear, however, that we are not saying that [insurer] is responsible for claimant's degenerative back condition. Because there is insufficient evidence to prove that the industrial injury worsened the degenerative condition, [insurer] is not responsible for it. [*Insurer*] *is only responsible for symptoms caused by the industrial injury.* Although the evidence is contradictory, we find that there is sufficient evidence to prove that claimant's continuing * * * pain is related to the compensable injury." (Emphasis supplied.)

Thus, in defining a specific compensable injury, it is appropriate to examine any pre-existing condition and the relationship between the injury and the condition. The Board's determination that claimant's underlying condition was not worsened was relevant to its decision as to the nature of claimant's compensable condition.

■    Claimant also complains that the Board's order does not clearly define the compensable condition:

> "A second problem with the Board's order on Review is that it's [*sic*] Order to affirm in part, modify in part, and reverse in part the Referee's Opinion and Order is not clear; further explanation is required. If the employer is not responsible for the underlying condition, what is it responsible for? Certainly, under the case law, the employer is minimally responsible for all ongoing symptoms resulting from the injury. This has to be clarified."

The Board found that claimant had suffered a "temporary increase in * * * wrist symptoms." Under *Barrett v. D & H Drywall, supra,* 300 Or at 329, employer is responsible

for symptoms of claimant's arthritis that are "due to" the compensable injury. It is unclear from the Board's order, however, which, if any, of claimant's ongoing symptoms the Board considered to be "due to" the injury. Therefore, it is necessary to remand for clarification of its holding.

Claimant further argues that the finding that "claimant's use of a jackhammer materially contributed to a temporary increase in his wrist symptoms" is not supported by substantial evidence. In view of our conclusion that the Board's decision needs to be clarified, it is unnecessary to address this issue.

■ Claimant also argues that the Board erred in failing to award penalties and attorney fees under ORS 656.262(10) and ORS 656.382(1) for unreasonable delay and resistance to payment of compensation. The Board concluded that employer's denial was not unreasonable. Our standard of review is explained in *Brown v. Argonaut Insurance Company,* 93 Or App 588, 591, 763 P2d 408 (1988):

> "Whether a denial or delay is unreasonable involves both legal and factual questions. We review for errors of law in examining whether the Board applied the correct legal standard. ORS 183.482(8)(a). That standard is whether, from a legal standpoint, Argonaut had a legitimate doubt as to its liability. If so, the denial was not unreasonable. *Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977). 'Unreasonableness' and 'legitimate doubt' are to be considered in the light of all the evidence available to the insurer. *See Ginter v. Woodburn United Methodist Church,* 62 Or App 118, 122, 659 P2d 434 (1983).

> "Using the legal standard, the Board makes a factual finding about reasonableness. *See Lester v. Weyerhaeuser Co.,* 70 Or App 307, 311, 689 P2d 342, *rev den* 289 Or 427 (1984). We review that finding for substantial evidence. ORS 183.482(8)(c); *see also Williams v. SAIF,* 31 Or App 1301, 1305, 572 P2d 658 (1977)."

We conclude that the Board's finding that employer acted reasonably is supported by substantial evidence.

Affirmed as to denial of attorney fees and penalties; otherwise reversed and remanded for reconsideration.