Argued and submitted April 6, 1999, reversed and remanded for determination of penalty May 17, 2000

James NEIGHBORS,
*Petitioner,*

*v.*

Donald BLAKE,
Carolyn Blake,
Country Mutual Insurance Company,
and Department of Consumer and Business Services,
*Respondents.*

(H98-011; CA A102041)

3 P3d 172

Richard F. McGinty argued the cause and filed the brief for petitioner.

Vera Langer argued the cause for respondents Donald Blake, Carolyn Blake and Country Mutual Insurance Company. With her on the brief was Scheminske, Lyons & Bussman, LLP.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Department of Consumer and Business Services.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks reversal of a final order of the Director of the Department of Consumer and Business Services (DCBS) declining to assess a penalty under ORS 656.262(11).[1] Because we conclude that the late payment was unreasonable as a matter of law, we reverse.

The facts are uncontested. Claimant suffered an industrial accident that resulted in the traumatic amputation of his right forearm. In September 1997, pursuant to ORS 656.236, claimant and insurer entered into a claims disposition agreement (CDA) to dispose of all claimant's rights to workers' compensation benefits and payments except for payment of compensable medical expenses for which insurer was responsible. The CDA contained two provisions relevant to the case. The first stated that

> "the term 'compensation and payments of any kind due or claimed' does not include: (1) attorney fees or penalties associated with any act, or failure to act, occurring only after the day the [Workers' Compensation] Board receives this agreement[.]"

The second stated:

> "The parties further stipulate that payment pursuant to this agreement shall be timely if paid within *14 days after approval by the Workers' Compensation Board.*" (Emphasis added.)

The second provision is an express exception to the default requirements of OAR 436-060-0150(10) and OAR 438-009-0030(7). Those rules provide that payment of a CDA "shall be made no later than the 14th day after the Board *mails notice of its approval* of the agreement to the parties, unless otherwise stated in the agreement." (Emphasis added.) Insurer's attorney drafted the CDA.

---

[1] ORS 656.262(11)(a) states, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, * * * the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due."

The Board approved the CDA on October 16, 1997. Thus, by the terms of the CDA, payment was to be made by October 30. Also on October 16, the Board mailed a notice of approval to claimant's attorney, who received the notice on October 17. However, the Board did not mail notice to insurer until October 23. Insurer received that notice on October 24. On October 27, insurer issued a request for payment of the CDA funds to insurer's home office in Illinois. Due to inter-office mail delays, the payment checks were not received by insurer's Oregon office until November 3. Insurer mailed the CDA payment to claimant that same day, four days after the payment deadline.

Claimant, consistent with the CDA, petitioned for an assessment of a penalty under ORS 656.262(11) due to insurer's late payment of compensation. The Sanctions Unit of the Workers' Compensation Division refused to order insurer to pay a penalty. DCBS concluded that insurer did not unreasonably delay the payment pursuant to the CDA and affirmed the denial of a penalty. In its order, DCBS noted that "[t]he problem in this case arises because of the terms of the CDA and because the Board mailed the Notice of Approval to the claimant seven days prior to mailing the Notice of Approval to the insurer." DCBS reasoned that holding insurer to the date established by the CDA would create an inequity because the late payment was not due to the fault of the insurer or to its lack of diligence.

On judicial review, claimant argues, *inter alia*, that the terms of the CDA dictate when a payment is considered timely and that any payment made after the agreed-to date was unreasonable. Therefore, claimant reasons, insurer should pay a penalty for the late payment. Insurer argues that the Board's CDA approval was not effective until it mailed the notice of approval to insurer and, thus, the payment was not untimely. In the alternative, insurer argues that it obtained notice of the CDA approval later than claimant through no fault of its own and, therefore, the four-day delay was not unreasonable.

Whether a delay is reasonable or unreasonable involves both legal and factual questions. First, DCBS makes

a factual finding about reasonableness. We review that finding for substantial evidence. *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988). Substantial evidence supports a finding when the record permits a reasonable person to make the finding. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). In doing so, we must evaluate the evidence against the finding, as well as the evidence supporting it, to determine whether substantial evidence exists to support that finding. *Id.* In some instances, reasonableness or unreasonableness is determined as a matter of law. *See Finley v. SAIF*, 34 Or App 129, 132, 578 P2d 432 (1978). We conclude that no reasonable finder of fact could find that insurer's actions were reasonable in this instance and, therefore, the late payment was unreasonable as a matter of law. Two factors lead us to that conclusion: (1) the terms of the CDA; and (2) the factors under insurer's control that led to untimely payment.

■■ We interpret the terms of a CDA as if it were a contract. *Trevitts v. Hoffman-Marmolejo*, 138 Or App 455, 459, 909 P2d 187 (1996). The CDA unambiguously states that payment will be timely if made within 14 days after *approval* by the Board. That provision expressly states approval as the determining date, not mailing of notice as generally provided by regulation. Even if the CDA provision were to be considered ambiguous, any ambiguity in the CDA is resolved against insurer as the drafters of the CDA. *Heinzel v. Backstrom*, 310 Or 89, 96, 794 P2d 775 (1990). Because insurer drafted the CDA, it was incumbent on insurer to monitor when the CDA was approved by the Board. The terms of the CDA govern the determination of whether payment was timely and those terms must be considered when determining whether a late payment was unreasonable.

The Board's late mailing of the notice of approval was not the sole factor leading to the lateness of the CDA payment. Insurer cited several factors as contributing to the delay. The first factor was the Board's error. Insurer was informed of the Board's approval one week after claimant. The second factor was a delay in the request for payment sent to insurer's main office in Illinois. The record demonstrates that had the Oregon office requested payment from the home office the day insurer received notice, the check to claimant

would have been timely. Insurer knew it was operating on a 14-day clock from the date of approval, yet it failed to process the payment diligently. The third factor was a delay in processing the check request in the home office. The normal procedures dictated a same-day or next-day processing of checks. By using e-mail and overnight delivery, that procedure usually resulted in a 24- to 48-hour turn around time for payment checks to arrive in Oregon. Beyond an ambiguous "delays in interoffice mail" excuse, insurer offered no reason why, when the checks were requested on October 27, the checks did not arrive in Oregon until November 3. By seeking to avoid responsibility for its own unexplained errors, insurer attempts to shift onto claimant the burden of insurer's home office's failure to adhere to its own processing time line. The fourth factor concerns another of insurer's internal processing procedures. The record indicates that, had the home office mailed payment directly to claimant, payment would have been timely. However, insurer's processing procedures required that checks be routed first to the Oregon office, then to claimant. Again, insurer expects claimant to bear the consequences of insurer having adopted that practice. The final factor insurer claims contributed to the late payment was that the employee responsible for handling the payment was ending her employment on October 30. Insurer states that, for unexplained reasons, the person who was supposed to take over the account was not informed of that fact until after the deadline for payment had passed. Regardless of whether that factor actually contributed to a delay in payment, it is not reasonable to expect claimant to make certain that insurer's employees were informed of, and properly processed, claimant's CDA payment.

■■ Four of the five factors cited by insurer as leading to the delay in payment were under the control of insurer. Importantly, it was not impossible nor overly burdensome for insurer to comply with the CDA time line even with the Board's late notice—the one factor not under insurer's control. It is unreasonable to expect claimant to bear the burden of late payment due to factors under insurer's control. Claimant is entitled to prompt payment and insurer is required to pay compensation in a timely manner. ORS 656.262(2); *Lester v. Weyerhaeuser Co.*, 70 Or App 307, 311, 689 P2d 342,

*rev den* 298 Or 427 (1984). Insurer's internal problems do not justify the late payment of compensation to claimant. Internal processing errors and delays do not always constitute an unreasonable delay. However, in this instance, where the parties agreed to a particular time in a CDA drafted by insurer, where four of the five factors contributing to the late payment were under the control of insurer, and where timely payment was readily feasible despite delay by the Board, insurer's late payment of compensation was unreasonable as a matter of law. We therefore reverse and remand to DCBS to determine the proper penalty.

Claimant's final assignment of error does not warrant discussion.

Reversed and remanded for determination of penalty.